IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSIE JAMES WHIGHAM, #999503,
    Plaintiff,

vs.                                                Case No.: 5:08cv82/RH/EMT

MS. EVE, et al.,
    Defendants.
_____/

### ORDER, REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding pro se, initiated this action on March 13, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc 1).  Plaintiff did not pay the filing fee or submit a motion to proceed in forma pauperis at the time of filing of the complaint; however, he has now submitted a motion to proceed in forma pauperis (Doc. 5).

    Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions if three or more of his prior suits have been dismissed as frivolous or malicious or for failure to state a claim.  The court takes judicial notice of three cases previously filed by Plaintiff in this District, which have been previously dismissed by the court as frivolous, malicious, or for failing to state a claim upon which relief may be granted:  <u>Whigham v. Garner</u>, Case No.: 3:97cv325/RV (N.D. Fla.) (dismissed on January 14, 1998, for failure to comply with a court order, failure to prosecute, and failure to state a claim); <u>Whigham v. Lippmann, et al.</u>, Case No.: 5:07cv159/RS/MD (N.D. Fla.) (dismissed on December 19, 2007, for failure to comply with a court order, failure to prosecute, and failure to state a claim); and <u>Whigham v. Dr. Rohan</u>, Case No.: 5:07cv246/RS/EMT (N.D. Fla.) (dismissed on January 3, 2008, for failure to state a claim).[1]  Each of these cases is

---

[1] The prisoner number of the plaintiff in each of these cases, #999503, is the same as Plaintiff's.

counted as a "strike." Plaintiff is therefore no longer entitled to proceed in forma pauperis, and he must pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915.

In this case, Plaintiff alleges that on March 6, 2007, Defendant C. Miles "exercised deliberate indifference to Plaintiff['s] health and safety" by issuing him a defective pair of shower shoes (Doc. 1 at 15). On April 24, 2007, Plaintiff slipped and fell when exiting the shower sustaining injuries to his left ankle due to the defective shoes, a missing tile on the floor, and due to the fact that there were no "wet signs" (*id*.). Plaintiff twisted his left ankle, sustaining injuries to his ligaments and tendons and "giving him a physical injury for the rest of his life" (*id*.). Plaintiff states that he was examined by Defendant Eve later that day, and that she exercised deliberate indifference to his health and safety by failing to take him to the emergency room (*id.* at 15–16). Defendant Eve gave Plaintiff a pair of crutches (*id*. at 16). On April 27, 2007, Defendant Harrion subjected Plaintiff to further abuse by forcing him to walk to obtain his meal tray (*id*.). On May 21, 2007, Plaintiff was examined by Defendant Dr. Lippman who "exclaimed there was nothing he could do for Plaintiff" (*id*.). On July 11, 2007, Plaintiff was examined by Dr. Rohan in Panama City, who advised Plaintiff that he had a sprain and a chipped bone in his ankle (*id*.). Dr. Rohan stated that he would leave the chipped bone in Plaintiff's ankle until he received further instructions from Defendant Dr. Lippmann and jail officials (*id*.). On August 9, 2007, Plaintiff was sent to the Department of Corrections on crutches (*id*. at 17). On August 14, 2007, Plaintiff was rushed to Memorial Hospital in Jacksonville for trauma to the foot and two blood clots in his lung (*id*.). Plaintiff was examined by attending physician Narizaden Kasra who stated that Plaintiff's fall at the Bay County Annex caused the blood clots because Defendants never took Plaintiff to the emergency room after his fall (*id*.). Plaintiff was released from Memorial Hospital on August 21, 2007 (*id*.). When Plaintiff returned to prison, he was placed on the following restrictions due to his injuries: (1) "no prolonged standing pass"; (2) "low bunk pass"; (3) "shaving with clippers only"; and (4) "hose for left leg" (*id*.).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under <u>imminent</u> danger of serious injury. Initially, the earlier incidents described in Plaintiff's complaint do not evidence a <u>present</u> threat of serious physical injury to him. Moreover, it is clear from Plaintiff's complaint that he was transferred from

the Bay County Annex to the custody of the Department of Corrections prior to filing the instant complaint, and all of the named Defendants are employed at the Bay County (Jail) Annex or the Bay County Jail (*see* Doc. 1 at 2–4).  Thus, even if Plaintiff were exposed to a serious threat of injury in the past, this is insufficient to meet the imminent danger exception to the statute, as none of the Defendants are employed at Plaintiff's present place of incarceration.  *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).  Plaintiff therefore cannot proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 5) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That Plaintiff's case be dismissed without prejudice to its refiling accompanied by full payment of the $350.00 filing fee.

At Pensacola, Florida, this 23rd day of April 2008.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
**Any objections to these proposed recommendations must be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**